# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Bryan J. Shine
Plaintiff, Pro Se

v.

Basil Merenda Shawn Kofluk, Timothy Reiddehl,
Trooper John Doe, Ronald Yen, Joel Hogentogler
Pedro Cortes, Michael Weiss, Annie Hanna Cestra,
Jeffrey J. Johnson, John A. Sommer,
Judith E. Pachter-Schulder, Alexis Barbieri,
Mark Vessella, Patricia Ridley, Peter Marks,
Arwilda Haynes, Beverly Brookes, Edward G. Rendell,
Joseph McGettigan, Kenneth Suter, Deborah
Misheck, Karen Cummings, Kathryn Silcox, Thomas Corbett,
Gaetano Piccirilli, Joseph Tartantino Jr,, Thomas J. Weaver,
Claude A. Lord (CAL) Shields, Corinne V. Wilson,
The District Attorney's Office of Chester County, PA;
The District Attorney's Office of Dauphin County, PA;
The Pennsylvania State Police, The Pennsylvania
Department of State, The Pennsylvania State
Real Estate Commission, The Pennsylvania Bureau of
Professional and Occupational Affairs
Defendants

**COMPLAINT - CIVIL**

**& DEMAND FOR JURY TRIAL**

11    6959

## COMPLAINT

Bryan J. Shine, by and for himself as a natural born citizen of the United States of America, and for his complaint against the above named defendants hereby states as follows:

### PARTIES, JURISDICITION, AND VENUE

This action involves negligence and civil rights claims where the matter in controversy exceeds the sum value of $75,000.000, exclusive of costs and interests, and was conducted under the color of law by state officials of the Commonwealth of Pennsylvania, therefore this Court has original jurisdiction pursuant to 28 §1331 and 28 § 1343 because this action is based upon the Constitution and laws of the United States, the action seeks redress for violations, deprivations, and vindication of civil rights.

This Court has authority to award the judgment, the requested declaratory relief, and the humble prayer for Justice under law and equality.

Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 § 1391 (b) with original jurisdiction because the first named defendant is domiciled in this District and all other defendants are domiciled in this State.

Per Rule 38.1 of the Federal Rules of Civil Procedure Plaintiff hereby demands a trial by a Jury of his peers.

Plaintiff Bryan J. Shine for all times relevant and material herein is an applicant for a real estate license in the Commonwealth of Pennsylvania and a victim of police harassment, official oppression, retaliation, suppression of civil rights, oppression of civil rights and retaliation against a whistleblower. He is private citizen of the United States of America. He is domiciled at 9 Lake Drive, Spring City PA 19475-2722.

Basil Merenda, defendant, is the former Commissioner of the Bureau of Professional and Occupational Affairs of the Pennsylvania Department of State, and is being sued in his official role and his individual capacity.  He is domiciled at 1905 S. Hollywood Street, Philadelphia PA 19145-2405.

Shawn Kofluk, defendant, is a sworn law enforcement officer with the Pennsylvania State Police and is being sued in his official role and his individual capacity. He conducts the business of the Commonwealth at 1800 Elmerton Avenue, Harrisburg PA 17110

Timothy Reiddehl, defendant, is a sworn law enforcement officer with the Pennsylvania State Police and is being sued in his official role and his individual capacity. He conducts the business of the Commonwealth at 1800 Elmerton Avenue, Harrisburg PA 17110

Trooper John Doe, defendant, is an unknown uniformed trooper/individual who is purported to be a sworn law enforcement officer with the Pennsylvania State Police who along with Defendants Kofluk and Reiddehl executed various warrants against the Plaintiff between August and November of 2009 and is being sued in his official role and his individual capacity. He conducts the business of the Commonwealth at 1800 Elmerton Avenue, Harrisburg PA 17110

Ronald Yen, defendant, is an assistant district attorney with the district attorney's office of Chester County, and is being sued in his official role and his individual capacity. He conducts the business of the Commonwealth at 201 West Market Street, Suite 4450, P.O. Box 2746, West Chester PA 19380-0989

Joel Hogentogler, defendant, is an assistant district attorney with the district attorney's office of Dauphin County, and is being sued in his official role and his individual capacity. He conducts the business of the Commonwealth at 101 Market Street Harrisburg PA 17101

Pedro Cortes, defendant, is the Secretary of the Commonwealth of Pennsylvania and is being sued in his official role and his individual capacity. He conducts the business of the Commonwealth at North Office Building, Harrisburg, PA 17120.

Michael Weiss, defendant, is a member of the real estate commission of the Commonwealth of Pennsylvania and is being sued in his official role and his individual capacity. He conducts the business of the Commonwealth at 2601 North 3rd Street Harrisburg PA 17110.

Annie Hanna Cestra, defendant is a member of the real estate commission of the Commonwealth of Pennsylvania and is being sued in his official role and her individual capacity. She conducts the business of the Commonwealth at 2601 North 3rd Street Harrisburg PA 17110.

Jeffrey J. Johnson, defendant, is a member of the real estate commission of the Commonwealth of Pennsylvania and is being sued in his official role and his individual capacity. He conducts the business of the Commonwealth at 2601 North 3rd Street Harrisburg PA 17110.

John A. Sommer, defendant, is a member of the real estate commission of the Commonwealth of Pennsylvania and is being sued in his official role and his individual capacity. He conducts the business of the Commonwealth at 2601 North 3rd Street Harrisburg PA 17110.

Judith E. Pachter-Schulder, defendant, is counsel for the real estate commission of the Commonwealth of Pennsylvania and is being sued in her official role and his individual capacity. She conducts the business of the Commonwealth at 2601 North 3rd Street Harrisburg PA 17110.

Alexis Barbieri, defendant is a member of the real estate commission of the Commonwealth of Pennsylvania and is being sued in his official role and her individual capacity. She conducts the business of the Commonwealth at 2601 North 3rd Street Harrisburg PA 17110.

Mark Vassella, defendant is a member of the real estate commission of the Commonwealth of Pennsylvania and is counsel for the Pennsylvania Department of State and is being sued in both his official role and his individual capacity. He conducts the business of the Commonwealth at 2601 North 3rd Street Harrisburg PA 17110.

Patricia Ridley, defendant is board administrator for the Pennsylvania Real Estate Commission and is being sued in both her official role and her individual capacity. She conducts the business of the Commonwealth at 2601 North 3rd Street Harrisburg PA 17110.

Peter Marks, defendant is counsel for the Pennsylvania Department of State and is being sued in both his official role and his individual capacity. He conducts the business of the Commonwealth at 2601 North 3rd Street Harrisburg PA 17110.

Arwilda Haynes, defendant is right to know law office for the Pennsylvania Department of State and is being sued in both his official role and his individual capacity. He conducts the business of the Commonwealth at 2601 North 3rd Street Harrisburg PA 17110.

Beverly R. Brookes, defendant is a member of the real estate commission of the Commonwealth of Pennsylvania and is being sued in his official role and her individual capacity. She conducts the business of the Commonwealth at 2601 North 3rd Street Harrisburg PA 17110.

Edward G. Rendall, defendant is former Governor of the Commonwealth of Pennsylvania and is being sued both in his official role and his individual capacity. He resides at an unknown address

Joseph McGettigan, defendant, is a member of the real estate commission of the Commonwealth of Pennsylvania and is being sued in his official role and his individual capacity. He conducts the business of the Commonwealth at 2601 North 3rd Street Harrisburg PA 17110.

Kenneth Suter, defendant is counsel for the Department of Public Welfare, "Commonwealth's Attorney" in the matter of initial licensure of the Plaintiff and is being sued in his official role and his individual capacity. He conducts the business of the Commonwealth at North Office Building, Harrisburg, PA 17120.

Deborah Mischeck, defendant is bureau chief for the Bureau of Professional and Occupational Affairs, Pennsylvania Real Estate Commission, and is being sued in her official role and her individual capacity. She conducts the business of the Commonwealth at 2601 North 3rd Street Harrisburg PA 17110.

Karen Cummings, defendant, is counsel for the real estate commission of the Commonwealth of Pennsylvania and is being sued in her official role and his individual capacity. She conducts the business of the Commonwealth at 2601 North 3rd Street Harrisburg PA 17110.

Kathryn Silcox, defendant is a former member of the real estate commission of the Commonwealth of Pennsylvania, representative of the Pennsylvania Attorney General and is being sued in his official role and her individual capacity. She conducts the business of the Commonwealth at 2601 North 3rd Street Harrisburg PA 17110.

Thomas Corbett, defendant is the former Attorney General of the Commonwealth of Pennsylvania and currently the Governor of the same, and is being sued both in his official role and his individual capacity. He conducts the business of the Commonwealth at 225 Main Capitol Building, Harrisburg, PA 17120

Gaetano Piccirilli, defendant is a member of the real estate commission of the Commonwealth of Pennsylvania and is being sued in his official role and her individual capacity. She conducts the business of the Commonwealth at 2601 North 3rd Street Harrisburg PA 17110.

Joseph Tartantino Jr., defendant, is a member of the real estate commission of the Commonwealth of Pennsylvania and is being sued in his official role and his individual capacity. He conducts the business of the Commonwealth at 2601 North 3rd Street Harrisburg PA 17110.

Thomas J. Weaver, defendant is the executive deputy secretary of the Commonwealth of Pennsylvania and is being sued in his official role and his individual capacity. He conducts the business of the Commonwealth at North Office Building, Harrisburg, PA 17120.

Claude A. Lord (CAL) Shields, defendant is the director of the Bureau of Enforcement and Investigations of the Pennsylvania Department of State, and is being sued in his official role and his individual capacity. He conducts the business of the Commonwealth at North Office Building, Harrisburg, PA 17120.

Corinne V. Wilson defendant is chief counsel of the office of open records of the Commonwealth of Pennsylvania and is being sued in her official role and individual capacity. She conducts the business of the Commonwealth at Commonwealth Keystone Building 400 North Street 4th Floor Harrisburg PA 17120

The District Attorney's office of Chester County PA, defendant, is a political sub-division of the Commonwealth and is being sued in its official role. The office conducts the business of the Commonwealth at 201 West Market Street, West Chester PA 19380

The District Attorney's office of Dauphin County PA, defendant, is a political sub-division of the Commonwealth and is being sued in its official role. The office conducts the business of the Commonwealth at 101 Market Street Harrisburg PA 17101.

The Pennsylvania State Police, defendant, is a political sub-division of the Commonwealth and is being sued in its official role. The office conducts the business of the Commonwealth at various locations throughout the state and is headquartered at 1800 Elmerton Avenue, Harrisburg PA 17110

The Pennsylvania Department of State, defendant, is a political sub-division of the Commonwealth and is being sued in its official role. The office conducts the business of the Commonwealth at 2601 North 3rd Street Harrisburg PA 17110.

The Pennsylvania State Real Estate Commission, defendant, is a political sub-division of the Commonwealth and is being sued in its official role. The office conducts the business of the Commonwealth at 2601 North 3rd Street Harrisburg PA 17110.

The Pennsylvania Bureau of Professional and Occupational Affairs, defendant, is a political sub-division of the Commonwealth and is being sued in its official role. The office conducts the business of the Commonwealth at 2601 North 3rd Street Harrisburg PA 17110.

## FACTUAL BACKGROUND

On May 23, 2007 the Plaintiff apply for initial licensure as a real estate salesman in the Commonwealth of Pennsylvania. On this date he met Defendant Misheck. Defendant Misheck and the Plaintiff engaged words which at times became heated.

Plaintiff's application was dismissed and denied by Defendant Misheck. She intentionally disregarded the fact that Plaintiff's application should have been presented to the full real estate commission because of his criminal record. If the full commission denied his application, Mr. Shine would then have an opportunity to present his case for licensure to the "enforcement committee" of the real estate commission.

Seeing that Defendant Misheck had a "score" to settle with Mr. Shine she usurped the powers of the Real Estate Commission, denied his application and set him immediately before the "enforcement committee".

Mr. Shine received a letter dated May 24, 2007 stating that because of his criminal conviction his application was going before the enforcement committee on June 6, 2007.

The enforcement committee held a hearing with Mr. Shine. The various members of the committee were some members of the real estate commission, board counsel and Defendant Ridley.

The committee asked Mr. Shine about his DUI from 2003. Mr. Shine related the relevant facts of his DUI, his depression and other things.

A member of the committee asked why he did not get ARD (i.e. Accelerated Rehabilitative Deposition for first time offenders). Mr. Shine stated that he had two previous DUIs on his record that were not reported by the Pennsylvania State Police.

The real estate commission requires each and every applicant for licensure to provide a copy of their individual Pennsylvania State Police background check dated within 90 days of application.

After Mr. Shine stated that he had two previous DUIs not listed on his background check nothing was mentioned by the members of the committee nor were there any statements that such omission would be detrimental to his application.

Defendant McGettigan and Defendant Pachter-Schulder then demanded that Mr. Shine apologize for May 23, 2007 and his interactions with the staff. Mr. Shine asked what they meant. They refused to respond. The members of the committee were clearly looking at documents and Mr. Shine asked for copies. Mr. McGettigan began screaming at Mr. Shine and slamming his fists on the table.

Mr. McGettigan screamed "apologize" "apologize". Mr. Shine asked again what for. Mr. McGettigan stated "you what for damn it!"

The enforcement committee hearing concluded. On the same day the full commission denied Mr. Shine's application for licensure. Defendant Silcox made a motion to require Mr. Shine to "bring the emails he said he received" with him if he were to request a formal hearing.

Defendant Cestra seconded the motion.  There was never any discussion of emails during the informal hearing.

By letter dated June 7, 2007, the Commission provisionally denied his application under 18 Pa. C.S. §9124(c) and Sections 501(a) and 604(a) (14) of the Real Estate Licensing and Registration Act, 63 P.S. §455.501(a) and §455.604(a) (14) for his criminal conviction and under the intentionally false pretense of Section 604(a) (14) for "federal felony" convictions of bank fraud extortion etc.

Mr. Shine appealed the Commission's provisional denial and requested a formal hearing.

On September 26, 2007, the Commission held a formal hearing.  The "Commonwealth's Attorney" Defendant Suter called Defendant Misheck as a witness against Mr. Shine under the intentionally false pretense of a character witness.

Mr. Shine's then counsel Patrick McKenna objected to Defendant Misheck's testimony.  His objection was overruled by Defendant Pachter-Schulder.

Defendant Misheck stated under oath that she was threatened by Mr. Shine and that she feared for her life.  Defendant Misheck worked for the state for some twenty years and has known each and every member of the commission for many years.  She further stated that in all her years of working for the state Mr. Shine was the only person who made her feel threatened.

She had no witnesses of a substantive nature to backup her statements.  She was under oath and knew that she was lying to an administrative body of Pennsylvania.  Her intentionally false and unsubstantiated lies have had a severe and detrimental effect upon the Plaintiff.

Mr. Shine's counsel at the time was utterly incompetent.  Mr. McKenna should have objected to Ms. Misheck's testimony under the Pennsylvania Criminal History Records and Information Act which provides in part that licensing bodies can only consider felony convictions or misdemeanors directly related to the profession.  Ms. Misheck's testimony was neither.

The Commission denied the license application finding that Mr. Shine did not exhibit the "honesty, trustworthiness, integrity and competence" to be licensed. It arrived at that conclusion because it found that Mr. Shine "intentionally attempted to deceive the Commission about his criminal history by omitting criminal convictions and not accurately reflecting their respective criminal penalties".

What the commission intentionally refuses to admit is that Mr. Shine's cover letter was before them from the date of his application unto his formal hearing, a period of some of some four months.  At no time was Mr. Shine informed that his cover letter would be a problem.  In fact the application requires an applicant with a criminal history to state his sentence in his own words.

Further, the commission did not receive the "required" reference letters the commission requires of persons with a criminal history.  The commission's own internal rules, guidelines, and

regulations require that when something is missing from an application the applicant be sent a discrepancy letter from the "reviewing officer".

By information and belief the reviewing officer for Mr. Shine's application was Defendant Misheck. Because of their heated discussion Defendant Misheck refused to fully inform Mr. Shine of any problems with his application and intentionally mixed the roles of prosecutorial and adjudicatory functions of a state agency knowing full well that such mixture is unlawful in Pennsylvania.

Mr. Shine didn't inform the commission about two previous DUIs for some two weeks yet the commission refused to license him.

The commission contrived an excuse that Mr. Shine intentionally deceived his potential employers Terese Brittingham by not telling her at his first meeting about his three DUIs. The commission concluded that Ms. Brittingham was deceived yet they offered no evidence to prove such "deception". Further, Mr. Shine was never asked about Ms. Brittingham and supposedly deceiving her during the hearing.

Further, the commission's contention that Mr. Shine attempted to deceive the commission about his criminal penalties intentionally omits the fact that Mr. Shine submitted some nineteen pages of court documents to the commission. Mr. Shine informed the commission at the informal hearing about the three DUIs. The commission never informed Mr. Shine that such omission would be an issue.

Further, the commission never stated and never informed Mr. Shine that his omission of his two DUIs would be an issue. Numerous other individuals did not inform the commission about previous crimes for a number of years and in some cases twenty years plus yet the commission never revoked these individuals' licenses to practice real estate. Mr. Shine's omission was never intentional or deliberate nor were they so egregious as to deny him licensure. The commission held Mr. Shine to a wholly different standard than any other person who has ever applied for licensure or who holds a license in the Commonwealth of Pennsylvania.

By information and belief the members of the real estate commission voted with unabated and unchecked passion to deny Mr. Shine licensure after hearing Ms. Misheck's intentionally false testimony. Her testimony was and remains the "but for" causation in this matter. She had no right to testify against Mr. Shine and had no right to be heard. The defendants knew or should have reasonably known that they should not have heard her, yet they did.

Mr. Shine appealed the decision of the commission to the Commonwealth Court of Pennsylvania. Being an instrumentality of Pennsylvania Mr. Shine's civil and constitutional rights were immaterial before the court. They affirmed the ruling by issuing an unsigned per curiam order which intentionally failed to address the underlying Constitutional issues and abuse of discretion.

On appeal defendant Schulder repeatedly informed the Commonwealth Court that no communications existed between defendant Misheck and the commission. She repeatedly

refused to allow the case to be remanded to the commission in order for new evidence to be submitted, and she repeatedly lied to the Commonwealth Court because by virtue of the Right to Know Law enacted on January 1, 2009 Mr. Shine obtained copies of emails that Misheck forwarded to numerous members of the Pennsylvania Department of State and members of the real estate commission in May of 2007.  In these emails she stated that she was "threatened" by Mr. Shine.

After receipt of these emails Mr. Shine informed defendant Schulder that he will be file a complaint with the office of the disciplinary counsel seeking her disbarment seeing that she knew about the emails yet lied to the Commonwealth Court repeatedly.

Also after receipt of these emails Mr. Shine petitioned the whole real estate commission for reconsideration and was denied under the pretend excuse of being "time-barred".  Justice is never time-barred.  For as Aldous Huxley stated "Facts do not cease to exist because they are ignored."

Mr. Shine firmly believes that a lawyer should tell the truth to a court, especially a lawyer in the employ of the state government and who purportedly works for the people and for justice, NOT for obstruction of the truth and protection of a girlfriend – Misheck – from perjury charges.

Defendants Suter, Vassella, Marks, Schulder, Shields and McGettigan and the whole of the real estate commission had possession of these emails. Defendants should have informed the Plaintiff about these emails. They refused. All of the defendants would rather railroad the Plaintiff at the hearing, deprive him of a fair and impartial hearing, violate due process, and invent a contrived excuse of called defendant Misheck as a "character witness" when in fact she was called as a witness to a complaint she filed against the Plaintiff. A complaint that was investigated by the defendants and defendant Shields' office, the PA state department and the bureau of professional and occupational affairs without informing the Plaintiff of any of this information and therein violate his rights under the color of law.

At no time were these emails given to Mr. Shine before his hearings or on appeal.  The commission and the Pennsylvania Department of State purposefully withheld these documents in order to deprive Mr. Shine of a full and fair hearing by impartial members of the commission. By such actions, the defendants deprived Mr. Shine of his civil rights under the color of law.

By virtue of the Right to Know Law Mr. Shine also obtained copies of a Harrisburg Police report filed by numerous defendants – notably Defendants Schulder, Ridley, Marks and Misheck – in February of 2009. Each of them informed the officer that they felt no harm from Mr. Shine. These statements were in direct contradiction to Defendant Misheck's sworn statement under oath to the commission and to her numerous emails which constitute nothing short of perjury, sworn falsification, unsworn falsification to authorities, aiding and abetting a criminal offense, official oppression, inter alia.

Mr. Shine, upon receipt of this report from the Harrisburg Police, repeatedly contacted members of the PA state department, the Governor's office, the Attorney General's office, the Office of the Disciplinary Counsel's office, members of the General Assembly and the real estate

commission including all of the defendants. Such actions are clearly protected constitutional activities.

Mr. Shine also filed numerous requests for documents under the RTKL for information regarding the state's criminal cover-up. Defendants Cummings, Haynes and Wilson together and own their own volition contrived a scheme by which they would hid all evidence. Again, abusing the powers of the state in the name of a criminal cover-up to hide and protect other defendants from criminal prosecution and civil suit. Mr. Shine requested state documents and emails which clearly exist yet were and remain hidden under the contrived excuses and abhorrent lies of defendants Cummings and Wilson. It must also be noted that during these requests for information before the PA office of open records Defendant Misheck yet again perjured herself in a sworn affidavit and changed her story once again. This fact was related, repeatedly via private criminal complaint, in telephone calls, and in person to the Dauphin County DA's office. Dauphin County refused to even acknowledge the complaints knowing full well they had to protect and shield a state employee at all costs and disregard the laws of Pennsylvania by so doing. Their reckless and callous disregard of the Plaintiff's numerous complaints and retaliation against him for said complaints is anathema justice. They purposefully and knowingly, even to the cost of destroying the constitution under the color of law and cladding themselves as government bureaucrats more befitting to a communist regime than a democratic republic, retaliated against the plaintiff for vindicating his civil rights and attempting to sound the proverbial whistle against state bureaucrats who violated the law.

Mr. Shine also wrote to the real estate commission as a whole requesting a re-opening and re-hearing of his application for licensure and stating that he will sue in Federal court seeing that Mr. Shine's civil rights were violated by government officials and what is more by a state government official who by her own admission perjured herself under oath – Defendant Misheck.

Mr. Shine also came into possession of numerous documents relating to his right to know law requests which subsequently were appealed to the office of open records. These documents state that Defendants had undercover police officers from the Harrisburg Police department in attendance at both the informal and formal hearings. The reason for these is stated as necessary protection from Mr. Shine yet not a single piece of evidence was filed to proof protection was necessary. The informal hearing is a closed door hearing no open to the public. The mere appearance of two armed undercover police officers at this hearing creates an atmosphere of intimidation and by information and belief influenced the members of the commission to deny Mr. Shine's application.

The complaint and various emails which Defendant Misheck sent to the commission were never given to Mr. Shine. They are rife with lies and misstatements. The Defendants had an investigation and never bothers to inform Mr. Shine. Defendant Suter directly quoted from Defendant Misheck's emails and complaint at the formal hearing. Had Mr. Shine known of the existence of these emails and complaint he would have requested and demanded the recusal of various members of the real estate commission before the formal hearing took place. The Defendants refused to have a fair and impartial hearing of Mr. Shine's application and therefore refused to acknowledge the existence of the emails and complaint until Mr. Shine was fully,

illegally and unconstitutionally denied due process. All of which is a clear violation of Mr. Shine's civil rights under the color of law.

On August 12, 2009 The Pennsylvania State Police showed up at the Plaintiff's home with a falsely obtained warrant in which Defendants Kofluk, Reiddehl, and Trooper John Doe intentionally lied to magisterial district judge James D'Angelo. The warrant ordered the Plaintiff to hand over his computer, external hard drive, flash drive, various documents, and his cellular telephone. He was told in no uncertain terms by Defendants Kofluk, Reiddehl, and Trooper John Doe to "stop all contact" to "stop the civil suit" and "to give it up" – apparently meaning give up Plaintiff's Constitutional rights to question his government especially one that allows perjury as the rule of the day.

Upon information and belief, Defendants Kofluk, Reiddehl, and Trooper John Doe by and through their respective positions with the Pennsylvania Stasi Police and with the full knowledge and encouragement of the other defendants and with the formal consent of defendant Yen in his official role as assistant district attorney of Chester County filed the said warrant in order to discourage, harass and intimidate the Plaintiff with false charges of harassment and stalking. The charging documents clearly misquote numerous emails and communications. Taking these quotes out of contexts and clearly charging the Plaintiff with "violating" the Pennsylvania criminal statutes of harassment and stalking with things which were and remain clearly protected by the Constitution of the United States and Pennsylvania and clearly exepted by the harassment and stalking statutes as Constitutionally protected activities. The reasons for such actions by information and belief were and remain to be an assault a upon the Plaintiff for vindicating his constitutional rights and to methodically, belligerently, intentionally and knowingly violated and suppressed the Plaintiff's civil rights under the color of law by filing criminal charges against the Plaintiff in November of 2009.

The "victims" of the so called criminal charges are listed as Basil Merenda, Peter Marks, Judith Pachter Schulder, Patricia Ridley, Joseph McGettigan and Kenneth Suter.

Defendant Ridley was sued in Dauphin County court for libel and slander. Further, Plaintiff filed a private criminal complaint with the Dauphin County DA's office against Ridley. Plaintiff informed Ridley via email of both actions. Her participation in the ensuing criminal charges was nothing less than First Amendment Retaliation against the Plaintiff for said suit and criminal complaint.

Defendant McGettigan was never even contacted. His participation in the ensuing criminal charges was nothing less than First Amendment Retaliation against the Plaintiff.

Defendants Merenda, Marks, Pachter Schulder and Suter were each informed by the Plaintiff of his intent to file complaints with the Pennsylvania Supreme Court seeking their respective disbarments from the practice of law owing to the facts that they together and on their own volition repeatedly lied, fabricated evidence, forged state documents and websites, hid facts relevant to Plaintiff's application, etc and Plaintiff's intent to file private criminal complaints against each of them for violating Pennsylvania and Federal laws relating to official oppression,

harassment, obstruction of justice, obstruction of the administration of government administration, inter alia, against each of them and other defendants namely Ridley and Misheck.

Mr. Shine filed a federal civil rights suit on September 26, 2009 before this court against numerous defendants in the matter of Shine v. Merenda et.al. The Plaintiff proceeded in that matter as in this, Pro Se. The Plaintiff was informed in November 2009 that if he had any direct or indirect contact with the "victims" his $50,000.00 bail would be revoked and he would be thrown in prison.

The Chester County DA's office filed the charges and had the case transferred to Dauphin County in December of 2009.

Mr. Shine informed defendant Marks via electronic mail that Mr. Shine filed the federal civil rights suit against the defendants in September of 2009. Defendant Weaver was informed repeatedly of the Plaintiff's intent to sue. Defendants Weaver and Marks were repeatedly questioned as to how and why they knowingly and willingly permitted and allowed all of the actions, denials, lies, and retaliation to occur against the Plaintiff.

The criminal charges against the Plaintiff were trumped up for the purposes of intimidation and harassment. Mr. Shine petitioned this honorable court to order service against the defendants by the United States Marshall Service. This court did order such service yet Plaintiff was to have no "indirect" contact with the "victims" for fear of imprisonment and revocation of bail and the loss of $50,000.00 in bail money. Plaintiff repeatedly petitioned the Dauphin County court for amendment to the conditions in order to have the defendants served with the previous suit. Plaintiff was repeatedly denied by Dauphin County. As such this court had to dismiss the previous suit without prejudice for lack of service under rule 4 of the federal rules of civil procedure.

Plaintiff lives in abject fear of his life, liberty and freedom for even attempting this current suit or petitioning the re-opening of the previous suit or ever again raising his voice in objection to governmental actions or filing criminal complaints against others even though he himself is the victim of crime.

As the Dauphin County DA's proceeded with the criminal charges against the Plaintiff they were repeatedly ordered by the Dauphin County court to hand over all evidence. Defendant ADA Hogentogler repeatedly refused to hand over any evidence. He was repeatedly ordered by the Dauphin County court to issue discovery yet he purposefully and with intent refused to honor such orders. He repeatedly stated that he "didn't have any of the emails" yet he repeatedly quoted the emails in various court documents. He repeatedly stated that he did not know about the Pennsylvania State Police being involved in the case yet such statements are laughable seeing that the PSP filed the complaint, the warrant, seized the computer etc. In short defendant Hogentogler purposefully and knowingly abused his position as an assistant district attorney for the purposes of harassment under the color of law, suppression of dissent, and retaliation.

Defendant Kofluk, in the presence of Plaintiff's father, informed Plaintiff "to drop the suit or go to jail" in regards to Shine v. Merenda. This action was done outside the Chester County at the

office of MDJ D'Angelo in 2009 during Mr. Shine's arraignment. The Chester County District Attorney's office was informed as was the Governor and the Attorney General that the Plaintiff was threatened by a uniformed police officer of the state. Plaintiff's pleas for justice were ignored.

The Plaintiff repeatedly informed the then governor of Pennsylvania, Edward Gene Rendell and the then attorney general Thomas Corbett – now governor, of the abuses the Plaintiff suffered at the hands of the defendants. Both men disregarded the Plaintiff and dismissed his numerous complaints for the sake of protected government officials and union members at all costs. Both defendants neglected their official duties and violated the inherent public trust placed in them by releasing the complaints to the other defendants. Defendant Corbett's office, just like defendant Shields' office, was informed of criminal activity and had various criminal and civil complaints regarding action by the other defendants and purposefully and knowingly informed the defendants of the contexts of such complaints to the detriment of the Plaintiff and in violation of innumerable federal and state laws. They hide behind the cloak of immunity in order to be a suppresser of dissent and in the case of Defendant Corbett the incompetent, rogue dictator of Pennsylvania.

By holding the hearing they did and continuing to refuse to address their errors the defendants have abused and raped the Plaintiff's constitutional rights.  By obstructing the courthouse doors to the Plaintiff under the guise of criminal charges and outright lies the defendants have suppressed the Constitutional rights of the Plaintiff.  By engaging in the actions that they have and continue to engage in defendants have assaulted the Plaintiff because the Plaintiff caught them all "red handed" in lies and criminal actions, because the Plaintiff filed complaints against them with the governor, attorney general, districts' attorney, general assembly and the Pennsylvania supreme court, and because the Plaintiff dared to speak truth to power he was retaliated against by the defendants.  The Plaintiff seeks what he can never find in the state courts or through the governmental apparatus of the Commonwealth of Pennsylvania, Justice.

## CONCLUSION AND CAUSES FOR ACTION

The actions taken against the plaintiff in targeting him, entrapping him, obtaining an intentionally false warrant, abusing the police powers of the Commonwealth, filing intentionally false police complaints, taking his personal items - including pro se attorney/client work products directly associated with a federal civil rights case against numerous defendants in an attempt to thwart the filing of such a case - into custody, and otherwise harassing, berating, and intimidating him were taken for collateral and retaliatory objectives other than the legitimate objectives associated with any lawful warrant, arrest, prosecution or investigation.  By such actions the defendants, collectively and on their own volitions, violated the Plaintiff's Constitutional rights and suppressed his civil rights under the color of law as well as in their individual capacities.  By such actions the defendants raped the Constitution of the United States of America with petulant,

horrific, dreadful, appalling, sickening, and vile intentions in order to subvert and assault the Plaintiff for exercising his Constitutional rights and to retaliate against him for being an American who believes in Justice, Equal Protection and the Rule of Law.

The defendants' actions individually and in concert with each other had no interest in justice but rather to mete out retaliation, reprisal, and retribution for the purposes of harassing, defaming, threatening, and relentlessly punishing the plaintiff – a whistleblower and private citizen who uncovered criminal acts and other things by government officials.  Dissent of governmental actions in Pennsylvania – actions based on fraud, deception, perjury, criminal conspiracy and various civil rights violations – lead the plaintiff to lose employment and his freedom.

Dissent has become the mark of treason in Pennsylvania. Defendants' actions against the Plaintiff shock the conscience of any civilized society.

The defendants are grossly negligent to various retaliatory actions, oppression, suppression, conspiracy and threats lodged against the plaintiff from facing five years imprisonment, a ten thousand dollar fine, and even a death threat from defendant Merenda "I'll fucking destroy you [you being the plaintiff], you son of a bitch" defendant Merenda stated after being informed that Mr. Shine was suing him in federal court.  Merenda was terminated by order of Defendant Corbett for negligence and blatant disregard of Merenda's official duties of office which directly related to the death of a woman and seven children at an abortion clinic in Philadelphia.

As Defendant Corbett stated upon Merenda's termination "This doesn't even rise to the level of government run amok, it was government not running at all. To call this unacceptable doesn't say enough. It's despicable."

Despicable indeed, yet such is government in Pennsylvania. If a private citizen goes to federal court to vindicate his civil rights the government and the defendants MUST literally send in the storm troops. In this case the Pennsylvania Stasi Police, create fake "victims", lie repeatedly to various courts and judges and in every regard be hell bent with a falsely obtained warrant and intentional misrepresentations of the facts against the plaintiff and participate in a remarkable showing of brute force as a retaliatory strike which would make even Mao and Stalin blush with embarrassment.

In short the Plaintiff's constitutional rights were violated with impunity by government officials under the color of law.  They have singlehandedly and together utterly altered the motto of this once great Commonwealth from "virtue, liberty and independence" to "vicious, lethal and incompetent".

To call Defendant Merenda's "actions" in office despicable is an understatement. His office was not running at all. In fact by information and belief each and every defendant refused to operate the governmental functions of Pennsylvania in proper and lawful fashion. They would rather abuse their powers and their offices to harass and imprison the Plaintiff then to be served with a

lawful federal civil suit. They chose repeatedly to engage in criminal and tortuous activities of harassment and retaliation under the color of law rather than afford the Plaintiff his lawful day in court without fear of reprisal.

Defendants did knowingly and willingly with abhorrent and malicious intent, belligerent and reckless abandon, being deprived of all morality, devoid of all humanity and repugnantly indifferent to the Constitution and Laws of the United States of America, the Constitution and Laws of the Commonwealth of Pennsylvania, did cause, create, orchestrate and conduct, under the color of law tortuous actions invoking and acting upon their own volitions and in concert with each other by policy and practice in direct violations of state and federal law, explicitly and implicitly, hold Plaintiff to a wholly different standard and retaliate against him for his exercising of his clearly established First Amendment Rights, his clearly established rights to equal protection, and other actions. The defendants have deprived the Plaintiff of his employment and have severely affected the substantial interests he has in his reputation and his ability to earn a living. The Plaintiff has further been denied access to certain benefits and rights to with he was entitled as a prospective employee of Keller Williams and the real estate profession at large. The defendants' actions were arbitrary, unreasonably discriminatory, and retaliatory all in violation of the Constitution and the laws of the United States of America and Pennsylvania. The defendants' exhibited ill will, malice, improper motive and indifference to the Plaintiff's Civil Rights.

It is a clear violation of Plaintiff's due process rights when the defendants would not allow Plaintiff a full and fair opportunity to be heard, to guarantee all Constitutional and statutory rights and other actions and things which are granted and protected to each and every other person, to protect and defend Plaintiff's rights to equal protection of the law and to purposefully withhold information from the Plaintiff before, during and after the hearing and on appeal. To file false criminal charges against the Plaintiff in order to shield themselves from civil suit, disbarment hearings, and criminal charges themselves is anathema to American way of life. In so doing the Defendants' methodically, belligerently, intentionally and knowingly violated and suppressed the Plaintiff's civil rights under the color of law, abused their discretion, raped the Constitution of the United States of America and impugned the once noble name of the Commonwealth of Pennsylvania, and caused unjustified harm unto the Plaintiff.

# COUNTS

### FIRST CAUSE OF ACTION

### First Amendment Retaliation/Malicious Prosecution

### (42 U.S.C. § 1981)

Plaintiff repeats and re-alleges each of the foregoing allegations in this Complaint.

By subjecting Mr. Shine to numerous, intrusive, and harassing investigations, asking and demanding him to terminate his First Amendment activities, refusing to afford him the ability to participate in the civil discourse of the state and nation, prosecuting him on trumped up charges with no basis in law or fact, and refusing to license him, Defendants by policy and practice have retaliated against Plaintiff because of his free expression and deprived him of his ability to freely express his ideas and opinions and fully participate as an American citizen and defend his constitutional rights.  The criminal charges filed against the Plaintiff have no basis in law and were used and continue to be used against the Plaintiff to harassment, berate, bemoan, degrade, inter alia.

Defendants, acting under color of federal and state law as agents and members of the Pennsylvania state bureaucracy, by policy and practice, have explicitly and implicitly discriminated against Mr. Shine and violated his clearly established rights.

Because of Defendants' actions and intentional infliction of emotional duress, Plaintiff has suffered, and continues to suffer, economic injury and irreparable harm. He, therefore, is entitled to judgment by this court.

**Second Cause of Action**

**Suppression of Dissent/Intimidation/Violation of Plaintiff's First Amendment Right to Freedom of Speech**

**(Viewpoint Discrimination)**

**(42 U.S.C. § 1983)**

Plaintiff repeats and re-alleges each of the foregoing allegations in this Complaint.

By subjecting Mr. Shine to numerous, intrusive, and harassing investigations, asking and demanding him to terminate his First Amendment activities, refusing to afford him the ability to participate in the civil discourse of the state and nation, and refusing to license him, Defendants by policy and practice have retaliated against Plaintiff

because of his free expression and deprived him of his ability to freely express his ideas and opinions and fully participate as an American citizen and defend his constitutional rights.

Defendants, acting under color of federal and state law as agents and members of the Pennsylvania state bureaucracy, by policy and practice, have explicitly and implicitly discriminated against Mr. Shine and violated his clearly established rights.

Because of Defendants' actions and intentional infliction of emotional duress, Plaintiff has suffered, and continues to suffer, economic injury and irreparable harm. He, therefore, is entitled to judgment by this court.

### THIRD CAUSE OF ACTION

### Conspiracy to interfere with the Civil Rights of Mr. Shine 42 U.S.C. § 1985

Plaintiff repeats and re-alleges each of the foregoing allegations in this Complaint.

By subjecting Plaintiff to numerous, intrusive, and harassing investigations, requiring him to terminate his First Amendment activities, refusing to license him, and discriminating against him, Defendants by policy and practice have treated Plaintiff differently than similarly-situated employees and deprived Plaintiff of his ability to freely express himself and fully enjoy the benefits of an American citizen.

Defendants intentionally engaged in a conspiracy with one another to refuse, delay, harass, demote and deprive Mr. Shine of his constitutional rights.  By engaging in such conspiracy, Defendants deprived Plaintiff of licensing authority, falsely accused Plaintiff of actions and events which never occurred, deprived Plaintiff of gainful employment, demoted and segregated Plaintiff, and conspired with one another before and after Mr. Shine's application to destroy and adversely interfere with the evidence in direct violations of the United States Code and the Code of Pennsylvania, defendants have violated the law and engaged in a conspiracy to interfere with the civil rights of Plaintiff with gross intent and malicious indifference.

Defendants, acting under color of federal and state law as agents and members of the Pennsylvania state bureaucracy, and by policy and practice, have explicitly and implicitly discriminated against Mr. Shine and violated his clearly established rights.

Because of Defendants' actions and intentional infliction of emotional duress, Plaintiff has suffered, and continues to suffer, economic injury and irreparable harm. He, therefore, is entitled to judgment by the court

**FOURTH CAUSE OF ACTION**

**Damages for the intentional discrimination in employment of Mr. Shine**

**42 U.S.C. § 1981 a.**

Plaintiff repeats and re-alleges each of the foregoing allegations in this Complaint.

By subjecting Plaintiff to numerous, intrusive, and harassing investigations, requiring him to terminate his First Amendment activities, refusing to license him, denying him employment with Keller Williams Realty and the whole of the real estate and all other licensed professions within and without Pennsylvania, and discriminating against him, Defendants by policy and practice treated Plaintiff differently than similarly-situated persons and deprived Plaintiff of his ability to freely express his ideas on issues of concern and governmental functions and defendants' criminal and civilly tortuous activities.

Defendants, acting under color of federal and state law as agents of the Pennsylvania state bureaucracy, and by policy and practice, have explicitly and implicitly discriminated against him. Defendants intentionally engaged in a conspiracy with one another to refuse, delay, harass, demote and deprive Mr. Shine of his constitutional rights.

Because of Defendants' actions and intentional infliction of emotional duress, Plaintiff has suffered, and continues to suffer, economic injury and irreparable harm. He, therefore, is entitled to judgment by this court.

**FIFTH CAUSE OF ACTION**

**Violation of Mr. Shine's Fourteenth Amendment Right to Equal Protection of the Law (42 U.S.C. § 1983)**

Plaintiff repeats and re-alleges each of the foregoing allegations in this Complaint.

By subjecting Plaintiff to numerous, intrusive, and harassing investigations, demanding him to terminate his First Amendment activities, and refusing to license him, Defendants by policy and practice have treated Plaintiff differently than similarly-situated persons and deprived Plaintiff of his ability to freely express his ideas on issues of concern, governmental function and defendants' criminal activities and civilly tortuous activities.

Defendants, acting under color of federal and state law, and by policy and practice, have explicitly and implicitly discriminated and deprived Plaintiff of his clearly

established right to equal protection of the law secured by the Fourteenth Amendment to the United States Constitution and the Pennsylvania State constitution and various federal and state laws.

Because of Defendants' actions and intentional infliction of emotional duress, Plaintiff has suffered, and continues to suffer, economic injury and irreparable harm. He, therefore, is entitled to judgment by this court.

**WHEREFORE, Plaintiff Bryan John Joseph Shine respectfully requests that the honorable court to hear these claims and enter into corrective legal and administrative actions against Defendants**: Basil Merenda, Shawn Kofluk, Timothy Reiddehl, Trooper John Doe, Ronald Yen, Joel Hogentogler, Pedro Cortes, Michael Weiss, Annie Hanna Cestra, Jeffrey J. Johnson, John A. Sommer, Judith E. Pachter-Schulder, Alexis Barbieri, Mark Vessella, Patricia Ridley, Peter Marks, Arwilda Haynes, Beverly Brookes, Edward G. Rendell, Joseph McGettigan, Kenneth Suter, Deborah Misheck, Karen Cummings, Kathryn Silcox, Thomas Corbett, Gaetano Piccirilli, Joseph Tartantino Jr,, Thomas J. Weaver, Claude A. Lord (CAL) Shields, Corinne V. Wilson, The District Attorney's Office of Chester County, PA; The District Attorney's Office of Dauphin County, PA; The Pennsylvania State Police, The Pennsylvania Department of State, The Pennsylvania State Real Estate Commission, The Pennsylvania Bureau of Professional and Occupational Affairs **and provide Plaintiff with the following relief:**

Judgment against each of the defendants in their official and individual capacities stating that said Defendants did suppress the civil rights of the Plaintiff under the color of law, conspire with one another to suppress the civil rights of the Plaintiff under the color of law, violate the first and fourteenth amendments of the United States Constitution under the color of law, violate the Civil Rights Acts, breached the confidence of the Plaintiff by releasing his medical information to others, intentionally interfered with an employment contract for no legitimate purpose, violated the Plaintiff's due process rights, intentionally inflicted emotional duress, pain, suffering, embarrassment, loss of enjoyment of life, mental anguish upon the Plaintiff, and all other actions in Law and Equity.

Monetary damages against each of the defendants in their individual capacities in amounts in excess of five million dollars ($5,000,000.00) each.

Punitive damages against the Chester County District Attorney, the Dauphin County District Attorney, the Pennsylvania State Police, the Pennsylvania Office of Open Records, the bureau of professional and occupational affairs, and the Pennsylvania Department of State in amounts in excess of five million dollars ($5,000,000.00) each.

An order by this court stripping each and every defendant of each and every professional license, registration, law enforcement badge, or other professional and/or occupational designation in Pennsylvania and each and every other State, Republic, Commonwealth,

Territory or Trustee Protectorate of the United States of America for a period of no less than five years. In the matter of defendants Misheck and Ridley an order against the Governor of Pennsylvania to terminate their respective employment with the state and each and every political subdivision thereof for a period of no less than five years.

An order by this court demanding the resignation of each and every member of the Pennsylvania State Real Estate Commission and orders against each and every defendant barring them from holding any position of public trust, profit or confidence paid or voluntary under the United States of America, Pennsylvania and each and every other State, Republic, Commonwealth, Territory or Trustee Protectorate of the United States of America for the remainder of their natural lives.

Respectfully Submitted this 3ᵗᵈ Day of November, 2011

Bryan J. Shine

9 Lake Drive

Spring City PA 19475-2722

484.366.7370

November 3, 2011


Clerk of Court

United States District Court

Eastern District of Pennsylvania

601 Market Street, Room 2609

Philadelphia PA 191065-1797


Re: Shine v. Merenda et.al


To Whom It May Concern:


Please find attached a federal civil rights lawsuit. I am filing Pro Se In Forma Pauperis. I can be reached at the address below, bryanjshine@verizon.net or by calling 484.366.7370.


With Regards,

Bryan J. Shine

9 Lake Drive

Spring City PA 19475-2722

P.S. I'll probably be jailed for filing This action or Killed by The FBI
Please have The FBI protect me