IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN SHINE, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 11-6959 |
| BASIL MERENDA, et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this     day of       , 2012, upon consideration of Pennsylvania Department of State, the Pennsylvania Bureau of Professional and Occupational Affairs, the Pennsylvania State Police and Deborah Mischeck's Motion to Dismiss the Complaint, it is ORDERED and DECREED that the Motion is GRANTED. The Complaint is hereby DISMISSED with prejudice.

BY THE COURT:

_____
Goldberg, J.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN SHINE, | : | CIVIL ACTION |
| Plaintiff, | : : : | |
| v. | : : | No. 11-6959 |
| BASIL MERENDA, et al., | : : | |
| Defendants. | : | |

**COMMONWEALTH DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Pennsylvania Department of State, the Pennsylvania Bureau of Professional and Occupational Affairs, the Pennsylvania State Police and Deborah Mischeck hereby move, pursuant to Fed. R. Civ. Pro. Rules 12(b)(1) and 12(b)(6), to dismiss plaintiff's Complaint for the reasons contained in the attached Memorandum of Law.

Wherefore, Pennsylvania Department of State, the Pennsylvania Bureau of Professional and Occupational Affairs, the Pennsylvania State Police and Deborah Mischeck request that plaintiff's Complaint be dismissed with prejudice.

                                          LINDA L. KELLY
                                          Attorney General

                    BY:    /s/ Barry N. Kramer
                            BARRY N. KRAMER
                            Chief Deputy Attorney General

Office of Attorney General
21 South 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-1581
Fax:    (215) 560-1031

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN SHINE, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 11-6959 |
| BASIL MERENDA, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF COMMONWEALTH'S MOTION TO DISMISS THE COMPLAINT**

**I.     INTRODUCTION**

Bryan Shine was denied a license as a real estate salesperson by the State Real Estate Commission ("Commission") in 2007 based on his failure to meet the licensing qualifications under the Real Estate Licensing and Registration Act, 63 P.S. § 455.501(a) ("RELRA"), because he failed to disclose his previous convictions for Driving under the Influence ("DUI"). Shine brings this pro se action under 42 U.S.C. §§ 1981, 1983 and 1985. He sues the Pennsylvania Department of State ("State"), the Pennsylvania Bureau of Professional and Occupational Affairs ("BPOA"), the Pennsylvania State Police (PSP"), and dozens of Commonwealth employees and former employees, including Governors Rendell and Corbett. To date, as far as counsel knows, only Mischeck has accepted service of original process. However, to expedite this matter, service is waived for State, BPOA and PSP and this motion is filed on behalf of Mischeck and State, BPOA and PSP. Nonetheless, as shown below, because plaintiff cannot under any circumstances state a claim upon which relief may be granted, Commonwealth defendants request that the entire case be dismissed with prejudice.

3

This is at least the third time that plaintiff has made these claims in court. Shine appealed the initial license denial to the Commission, which issued a final adjudication and order affirming the denial. Shine appealed that final order to the Pennsylvania Commonwealth Court which, in December 2008, affirmed the Commission's denial. Shine v. Real Estate Commission, No. 342 CD 2008 (Cmwlth. Ct. 2008) (per curiam). Thereafter, plaintiff filed a civil action in the Dauphin County Court of Common Pleas ("Dauphin CCP") against Patricia Ridley, a Commission Administrator, alleging intentional torts. The Court of Common Pleas granted Ms. Ridley's preliminary objections and dismissed the case. Shine v. Ridley, No. 2009-CV-962 (Dauphin County, January 13, 2010). Dissatisfied with these results, Shine now files this federal Complaint. In this rambling, disjointed screed that lacks paragraph or page numbers, plaintiff claims constitutional violations related to alleged abuse of process in connection with the denial of the real estate license. For the reasons stated below, even under the less stringent standards accorded pro se complaints under Haines v. Kerner, 404 U.S. 519, 521 (1972), Commonwealth defendants are entitled to dismissal of the action.

## II.  ARGUMENT

### A.  Standard on a Motion to Dismiss

**Rule 12(b)(1)**

A Rule 12(b)(1) motion is the proper mechanism for raising the issue of whether Eleventh Amendment immunity bars federal jurisdiction. Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n. 2 (3d Cir.1996), citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984) (Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction).

**Rule 12(b)(6)**

Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), pleadings standards in federal civil rights actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). See Phillips v. County of Allegheny, 515 F. 3d 224, 230 (3d Cir. 2008). Thus, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The Court must accept all of the complaint's well-pleaded facts as true but may disregard any legal conclusions. Iqbal, at 1950. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. Id. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, at 1950.

In ruling on a motion to dismiss, a district court may rely on the complaint, attached exhibits, matters of public record as well as documents integral to or relied upon in the complaint without converting the motion to dismiss into one for summary judgment. Sands v. McCormick, 502 F. 3d 263, 268 (3d Cir. 2007). Pryor v. NCAA, 288 F.3d 548, 560 (3d Cir.2002) (without converting the motion into a motion for summary judgment, court may consider "documents whose contents are alleged in the complaint and whose authenticity no party questions, but

which are not physically attached to the pleading."); Southern Cross Overseas Agency v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999) (judicial proceedings constitute public records and courts may take judicial notice of another court's proceedings).

**B.    Statement of Facts**

Shine hand delivered an application for a Pennsylvania real estate sales license to the Commission (Department of State, Bureau of Professional and Occupational Affairs), on May 23, 2007.[1] Complaint, at p. 5. See Memorandum Opinion, Shine v. Real Estate Commission, No. 342 CD 2008 (Cmwlth. Ct. 2008) (per curiam), at 2 ("Commonwealth Court Memorandum"), Exhibit B, hereto; Memorandum Opinion, Shine v. Ridley, No. 2009-CV-962 (Dauphin County, January 13, 2010), at 1 ("Dauphin Memorandum"), Exhibit C, hereto. He included in his application a copy of his Pennsylvania State Police criminal history background check which showed he had a 2003 Montgomery County conviction for DUI. Complaint, at 6; Commonwealth Court Memorandum, at 2-4; Dauphin Memorandum at 1. When he delivered his application to the Commission, he had an angry engage with Mischeck. Complaint, at 5-6; Commonwealth Court Memorandum at 5-6. On June 6, 2007, plaintiff attended an informal conference with the Commission Enforcement Committee to review his application. Dauphin Memorandum at 1.This, too, became antagonistic. Complaint, at 5-6. At the conference, Shine admitted that on his application he had failed to disclose that he had been convicted of DUI at least three times in the past. He explained to the Commission that he had failed to list his prior convictions because they had not appeared on his PSP background check. Complaint, at 7-8;

---

[1] Since the Complaint lacks pagination, paragraph numbers and coherence, for ease of reference, defendants will refer to pagination embossed in the ECF filing of the Complaint, attached as Exhibit A. Defendants will also incorporate the facts as related by the Commonwealth Court in its Memorandum Opinion, Exhibit B, hereto, and the Dauphin CCP, in its Memorandum Opinion, Exhibit C, hereto. The Complaint refers to both state court actions. Complaint, at 8, 11, respectively.

Commonwealth Court Memorandum at 2-5; Dauphin Memorandum at 2.

By letter, on June 7, 2007, pursuant to the Criminal Records History and Information Act, 18 Pa.C.S. § 9124(c) ("CRHIA"); and the RELRA, 63 P.S. § 455.501[2] and 455.604(a)(14), the Commission provisionally denied Shine's application for a license because, inter alia, he had failed to disclose the prior DUI convictions on his application. Complaint, at 6-7; Commonwealth Court Memorandum at 2-3; Dauphin Memorandum at 2-3. Shine appealed the provisional denial and requested a formal hearing with the Commission. Id. On September 26, 2007, the Commission conducted a formal hearing. Complaint, at 7; Commonwealth Court Memorandum at 3; Dauphin Memorandum at 4. On January 24, 2008, the Commission issued a final Adjudication and Order formally affirming the license denial because Shine did not satisfy the requirement under RELRA, 63 P.S. § 455.501(a), which requires that an applicant for a real estate license possess a "good reputation for honesty, trustworthiness, integrity and competence to transact the business of broker, salesperson … in such manner as to safeguard the interest of the public …" Complaint, at 7-8; Commonwealth Court Memorandum at 6-8; Dauphin Memorandum at 4. The Commission's decision was based upon Shine's failure to disclose the prior DUI convictions to the Commission and held that Shine had intentionally sought to deceive the Commission about his criminal history. Commonwealth Court Memorandum at 6-8; Dauphin Memorandum at 4. The Commission did not reach the issue of whether plaintiff had violated CRHIA, 18 Pa.C.S. § 9124(c), or RELRA, 63 P.S. § 455.604(a)(14), both of which had been cited as bases for the provisional denial of his license. Commonwealth Court Memorandum at 11; Dauphin Memorandum at 4. Shine appealed the Commission's final order to the Pennsylvania Commonwealth Court, which affirmed the ruling on December 8, 2008.

---

[2] 63 P.S. § 455.501(a) provides, inter alia, that "Licenses shall be granted only to and renewed only for persons who bear a good reputation for honesty, trustworthiness, integrity and competence to transact the business of broker, salesperson … in such manner as to safeguard the interest of the public …"

Complaint, at p. 8; Commonwealth Court Memorandum.

Thereafter, plaintiff sued Ridley in Dauphin CCP. He alleged three counts of intentional tort in his civil Complaint, defamation, abuse of CRHIA, and "Official Oppression." Dauphin Memorandum at 5. The Dauphin CCP granted defendant's preliminary objections because plaintiff failed to state a claim and, in the alternative, based on sovereign and judicial immunity. Dauphin Memorandum.

C.  **Sovereign Immunity Bars the §§ 1983 and 1985 Claims Against Commonwealth Agencies and Commonwealth employees in their Official Capacities**

The Eleventh Amendment bars the §§ 1983 and 1985 claims against Commonwealth agencies and Commonwealth employees in their official capacities. Absent consent by the State, the Eleventh Amendment[3] bars federal jurisdiction of suits by private parties against states, state agencies and state officials in their official capacities. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-270 (1997); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984). The bar extends to suits against departments or agencies that have no existence apart from the state. Laskaris v. Thornburgh, 661 F. 2d 23, 25 (3d Cir. 1981). As when the State itself is named as the defendant, a suit against a state agency or official in his official capacity is barred, regardless of the relief requested. Seminole Tribe, 517 U.S. at 58; Edelman v. Jordan, 415 U.S. 651, 667 (1974); Lavia v. Pennsylvania Department of Corrections, 224 F. 3d 190, 195 (3d Cir. 2000).

Eleventh Amendment immunity protects a State from suit regardless of whether the plaintiff is a citizen of that State or not. Pennhurst, 465 U.S. at 100; Hans v. Louisiana, 134 U.S.

---

[3] The Eleventh Amendment provides that "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

1 (1890). A state may consent to be sued in federal court, Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000); Pennhurst, 465 U.S. at 99 (consent must be "unequivocally expressed"), but Pennsylvania has expressly withheld consent to be sued. 42 Pa. C.S. § 8521(b). See Laskaris, 661 F. 2d at 25. Neither supplemental jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment. Pennhurst, 465 U.S. at 121. To the extent plaintiff sues under 42 U.S.C. §§ 1983 and 1985, the claim is barred because Congress has not abrogated Eleventh Amendment immunity for civil rights actions and Commonwealth entities or state officials in their official capacities. Quern v. Jordan, 440 U.S. 332, 341-42 (1979). See Zelinski v. Pennsylvania State Police, 282 F. Supp. 2d 251 (M.D. Pa. 2003), aff'd in part, vacated in part and remanded, 108 Fed. Appx. 700, 2004 WL1799234 (3d Cir. 2004).

Here, the Eleventh Amendment bars federal jurisdiction over State and the PSP, both executive agencies of the Commonwealth, 71 P.S. §§ 61, 732-102. See Lavia, 224 F. 3d at 195. It also bars suit over the BPOA, a unit within State, a Commonwealth agency, which is a "Commonwealth Party" under 42 Pa.C.S. § 8501. 71 P.S. §§ 61-62. See Barr v. Bureau of Professional and Occupational Affairs, 803 A.2d 243, 247 (Pa. Cmwlth.2002). Finally, the Eleventh Amendment bars federal jurisdiction over Commonwealth employees in their official capacities. See Lavia, 224 F. 3d at 195.

**D.    Commonwealth Agencies and Employees in their Official Capacities Are Not "Persons" Amenable to Suit under §§ 1983 and 1985**

In addition to Eleventh Amendment immunity, PSP, State, BPOA and state employees in their official capacities are not considered "persons" amenable to suit for purposes of a damages claim under Section 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 69-71, & n.10 (1989). See Zelinski v. Pennsylvania State Police, 282 F. Supp. 2d at 264 n. 14. As the term

"person" has an identical meaning under § 1985, the immunity applies under that section as well. Rode v. Dellarciprete, 617 F. Supp. 721, 723 (M.D.Pa. 1985), aff'd in relevant part, 845 F.2d 1195 (3d Cir. 1988). See also Boykin v. Bloomsburg Univ. of Pennsylvania, 893 F. Supp. 378, 394 (M.D.Pa. 1995), aff'd, 91 F.3d 122 (3d Cir. 1996); Crawford v. Commonwealth, 2003 WL 22169372, at *4 (M.D.Pa. Sept. 12, 2003); DiBartolo v. City of Philadelphia, 2000 WL 217746, at * 5 (E.D.Pa. Feb. 15, 2000).

### E. The Statute of Limitations Bars the §§ 1983 and 1985 Claims

The §§ 1983 and 1985 claims against PSP, State, BPOA and all state employees are barred by the applicable two years statute of limitations. A district court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Const., 570 F. 2d 1168, 1174 (3d Cir. 1978). See Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).

Because neither 42 U.S.C. § 1983 nor 1985 contains a statute of limitations, "federal courts must look to the statute of limitations governing analogous state causes of action." Urritia v. Harrisburg County Police Department, 91 F.3d 451, 457 n. 9 (3d Cir.1996). See also Sameric Corp. of Delaware v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir.1998). In determining which state limitations period to use in federal civil rights cases, the court looks to the general, residual statute of limitations for personal injury actions. See Owens v. Okure, 488 U.S. 235, 249-250 (1989); Wilson v. Garcia, 471 U.S. 261, 276-80, (1985). Thus, for § 1983 and § 1985 actions originating in Pennsylvania, we look to 42 Pa.C.S. § 5524, which provides that the statute of limitations for a personal injury action is two years. See Getchey v. County of Northumberland, 120 Fed.Appx. 895, 897-98, 2005 WL 22871 at *1-2 (3d Cir. 2005); Lake v.

Arnold, 232 F.3d 360, 368 (3d Cir.2000) (applying the Pennsylvania two-year statute of limitations to a claim alleging violation of plaintiff's federal civil rights); Bougher v. University of Pittsburgh, 882 F.2d 74, 78 (3d Cir. 1989); Knoll v. Springfield Township School District, 763 F.2d 584 (3d Cir. 1985). A cause of action accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. Chardon v. Fernandez, 454 U.S. 6 (1981); Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir.1998); Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991); Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982).

Shine complains about actions and events that occurred at least three years before he filed this federal Complaint. He alleges that (1) on May 23, 2007, he and Misceck had a "heated exchange; (2) on June 6, 2007, the Commission held a hearing on the provisional denial of his license; (3) on June 7, 2007, the Commission provisionally denied his application for a license; (4) on September 26, 2007, the Commission conducted a formal hearing on his application; (5) on January 24, 2008, the Commission issued a final Adjudication and Order affirming the initial license denial. Shine appealed the Commission's order to the Commonwealth Court, which affirmed the ruling on December 8, 2008. Plaintiff acknowledges that he knew of the injury that constitutes the basis of the cause of action by January 24, 2008, when the Commission issued a final Adjudication and Order denying the license. Giving plaintiff every benefit of the doubt, he certainly knew about defendants' actions by December 8, 2008, when the Pennsylvania Commonwealth Court affirmed the Commission's ruling. Plaintiff, however, did not initiate the instant action until November 7, 2011, when he filed for in forma pauperis status (doc. no. 1). This date is almost four years after January 24, 2008, the date the Commission denied his

license.[4] Therefore, all §§ 1983 and 1985 claims must be dismissed as untimely filed.

### F.     Plaintiff Fails to State a Claim under 42 U.S.C. § 1985

Plaintiff asserts a claim under § 1985, presumably subsection (3),[5] to violate his civil rights. Section 1985(3) provides a civil cause of action only when some other defined federal right has been violated. It creates no substantive rights but serves only as a means of vindicating federal rights and privileges defined elsewhere. Brown v. Philip Morris, 250 F.3d 789, 805 (3d Cir.2001); Zezulewicz v. Port Authority of Allegheny County, 290 F.Supp.2d 583, 599 (W.D.Pa. 2003). See Great American Federal Sav. & Loan v. Novotny, 442 U.S. 366, 376 (1979).

To make out a violation of § 1985(3), plaintiff must show four elements: (1) existence of a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). See United Brotherhood of Carpenters v. Scott, 463 U.S. 825, 828-34 (1983).

The Supreme Court has limited the reach of claims under § 1985(3). The conspiracy not only must have as its purpose the deprivation of "equal protection of the laws, or of equal privileges and immunities under the laws," but also must be motivated by "some racial, or

---

[4]  See Patsy v. Board of Regents, 457 U.S. 496, 501 (1982) (exhaustion of state remedies is not a prerequisite to filing a civil rights action).

[5] On its face, neither subsection (1), which relates to preventing officers from performing civil duties, nor subsection (2), which relates to intimidating a party, witness or juror, could apply here.
42 U.S.C. § 1985(3), regarding conspiracy to interfere with civil rights, provides in pertinent part: "If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises or another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws."

perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin, 403 U.S. at 102; United Brotherhood, 463 U.S. at 834. Subsequent Supreme Court decisions have concluded that the meaning of "class" for purposes of section 1985(3) "unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 269 (1993). See also United Brotherhood, 463 U.S. at 828 (expressing skepticism that the statute forbids "wholly nonracial, but politically motivated conspiracies" and concluding that commercial or economic animus could not form the basis for a cognizable § 1985(3) claim). The Third Circuit in Lake v. Arnold, 112 F. 3d 682, 685 (3d Cir. 1997), further limited § 1985(3) claims to "invidious discrimination" predicated on discrimination against individuals with "immutable characteristics" such as race, gender or mental handicap. Id. at 687.

Plaintiff's allegations under § 1985 are deficient because he fails to allege the existence of a conspiracy or that any conspiracy to violate his rights was motivated by a racial or otherwise class-based, invidiously discriminatory animus. Shine certainly does not claim "invidious discrimination" predicated on discrimination because of some "immutable characteristic" such as race, gender or mental handicap. The basis for the alleged discrimination is unclear although, giving Shine all benefit of the doubt, it appears that the purported bias is based on the failure to revoke the real estate licenses of other persons who have been convicted of DUI. Complaint, at p. 8. As no "immutable characteristic" is alleged, plaintiff's § 1985 claim must fail.

In addition, the § 1985(3) conspiracy claim fails because it lacks the necessary degree of specificity. Under § 1985, a "complaint containing only conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." Leon v. Murphy, 988 F. 2d 303, 311 (2d Cir. 1993); Temple of the Lost Sheep v. Abrams, 930

F.2d 178, 185 (2d Cir.), cert. denied, 502 U.S. 866 (1991). See Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir.1987); Zezulewicz, 290 F.Supp.2d 583 (W.D.Pa. 2003).  Plaintiff "must allege specific facts that the Defendants reached an understanding or agreement to violate the [Plaintiff's] constitutional rights." Boykin v. Bloomsburg Univ. of Penn., 893 F.Supp. 409, 417 (M.D.Pa.1995) (citation omitted).  See Conroy v. City of Philadelphia, 421 F. Supp. 2d 879, 888 (E.D.Pa. 2006).

As with the vague allegations relating to the other claims, the Complaint alleges no facts to support a claim of the existence of a conspiracy under § 1985(3). It alleges no facts indicating how defendants allegedly formed a conspiracy, what they did to plan any conspiracy or supporting a specific agreement or meeting of the minds to deprive plaintiff of his constitutional rights. Therefore, the § 1985 claim should also be dismissed.

**G.     42 U.S.C. § 1981 Does Not Provide a Private Cause of Action against State Actors**

Plaintiff alleges a claim under § 1981. Section 1981 (a) provides that

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

In Jett v. Dallas Independent School District, 491 U.S. 701 (1989), the Supreme Court held that § 1981, while providing extensive rights, does not provide a private remedy against state actors. Id. at 731. In Jett, a white high school teacher and football coach sued his employer under § 1981 after he was reassigned following a dispute with the school's black principal. The Supreme Court rejected Jett's § 1981 claim, holding that the exclusive federal remedy against state actors for violation of rights guaranteed in § 1981 is 42 U.S.C. § 1983, which provides that every person who, under color of law, deprives another of "any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." See id. at 723, 735. Thus, the exclusive means of enforcing right under § 1981 against state actors exists in a separate federal provision, to wit, § 1983. Jett, 491 U.S. at 731. See McGovern v. City of Philadelphia, 554 F.3d 114, 120-21 (3d Cir. 2009).  Notwithstanding the enactment of the Civil Rights Act of 1991, the Third Circuit Court of Appeals has concluded that § 1981 still does not create a private right of action--express or implied--against state actors and that "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." McGovern, 554 F.3d at 120-21.  Accordingly, plaintiff's § 1981 claim must fail.

**H.      Plaintiff is Estopped From Proceeding on the Issues And Claims Here Raised**

Commonwealth Court's affirmance of the Commission's Adjudication and the Dauphin CCP's dismissal of plaintiff's civil action preclude plaintiff from proceeding on his claims. In ruling on defendants' motion to dismiss, this Court must give preclusive effect to the state court decisions.

When a prior issue or claim has been adjudicated in a state judicial proceeding, 28 U.S.C. § 1738 requires federal courts to give full faith and credit to the state judgment and, in § 1983 cases, apply the same preclusion rules as would the courts of that state. Edmundson v. Borough of Kennett Square, 4 F.3d 186, 189 (3d Cir. 1993). See Univ. of Tenn. v. Elliott, 478 U.S. 788, 799 (1986). Decisions of state administrative bodies that have been reviewed by state courts are given preclusive effect in federal courts. Kremer v. Chemical Const. Co., 456 U.S. 461, 479-85 (1982). See McLaughlin v. Fisher, 277 Fed. Appx. 207, 214, 2008 WL 1934457, at *5 (3d Cir. May 5, 2008). Under Pennsylvania law, court judgments and administrative decisions based on

formal administrative proceedings have preclusive effects. Office of Disciplinary Counsel v. Kiesewetter, 889 A.2d 47 (Pa. 2005); Balent v. City of Wilkes-Barre, 669 A.2d 309 (Pa. 1995); PECO v. Borough of Lansdale, 424 A.2d 514, 521-523 (Pa.Super.1981); PECO v. Pa. P.U.C., 433 A.2d 620, 625 (Pa.Cmwlth. 1981).  Once the court affirms the administrative decision, 28 U.S.C. § 1738 requires that the state court's judgment, which incorporates the administrative adjudication, be given full faith and credit in the federal courts. Consequently, when ruling on defendants' motions to dismiss the Court must accept the facts found by the Commonwealth Court and the Dauphin CCP.

Earlier judgments preclude later litigation in two ways: claim preclusion and issue preclusion. Claim preclusion (res judicata) applies when the claim and the parties to the first proceeding are the same as those to the second proceeding. The parties in the second proceeding may not litigate any issue that was or could have been litigated in the first proceeding even if the party did not assert the claim in the first action. Edmundson, 4 F.3d at 189; Gregory v. Chehi, 843 F. 2d 111, 116 (3d Cir. 1988).  See Balent, 669 A.2d at 313; Duquesne Slag Products v. Lench, 415 A.2d 53, 55 (Pa. 1980).  Issue preclusion (collateral estoppel) precludes a party from re-litigating a factual or legal issue that has already been decided in a prior proceeding even if the overall claims or other parties differ from those in the preceding action. Id.

The application of claim preclusion precludes plaintiff from litigating any claim for injunctive relief against the Commission or its officials and employees in their official capacities. The cause of action in the state proceedings and the cause of action here are the same. The claim before the Commission and then affirmed by Commonwealth Court was that the Commission's refusal to give plaintiff a real estate sales license was illegal, invalid, biased and arbitrary and capricious. Plaintiff asked that the order be vacated. In this federal action,

plaintiff also claims that the Commission's order was illegal and asks that it be invalidated. In both the state and federal proceedings, plaintiff bottoms his claim on the factual assertion that the Board improperly denied him a real estate license. That order is the essence of plaintiff's complaint that gives rise to both the state and federal actions. See Gregory, 843 F. 2d at 117 ("'Claim' is defined broadly in transactional terms, regardless of the number of substantive theories advanced in the multiple suits by the plaintiff").

The parties in the state proceedings and the parties on the official capacity injunctive claims are the same. Plaintiff and the Commission were the parties in the state administrative proceedings and then on appeal in Commonwealth Court. Here, plaintiff seeks injunctive relief against the Commission and its officials who, in their official capacities, are the equivalent of the Commission, a Commonwealth entity. Kentucky v. Graham, 473 U.S. 159, 166 (1985); Gregory, 843 F. 2d at 120 ("In the claim preclusion context, government officials sued in their official capacities for actions taken in the course of their duties are considered in privity with the governmental body.").

All issues, including constitutional claims, that plaintiff raises here as to the validity of the Commission's order were or could have been raised before the Commission or Commonwealth Court. Those tribunals have authority to hear and rule upon constitutional claims. 2 Pa. C.S. §§ 501-508, 1 Pa. Code Part II, 2 Pa.C.S. § 704, et seq. See Delaware Cty. Safe Drinking Water Coalition v. McGinty, Civ. A. No. 07-1782, 2007 WL 2213516, at *12 n.18 (E.D. Pa. July 31, 2007); Johnston v. Twp. of Plumcreek, 859 A. 2d 7 (Pa. Cmwlth. 2004) (Commonwealth Court entertained claims of constitutional violations under § 1983 on appeal from trial court); Leatherwood, Inc. v. DEP, 819 A. 2d 604, 610 n. 3 (Pa. Cmwlth. 2003) (on appeal from administrative hearing, Commonwealth Court determines whether constitutional

17

violations or errors of law were committed); Empire San. Landfill, supra; Domiano v. DER, 713 A. 2d 713, 715 (Pa. Cmwlth. 1998); Beltrami Enter. v. DER, 632 A. 2d 989, 993 (Pa. Cmwlth. 1993).[6]

In its Memorandum Opinion affirming the Commission decision, Commonwealth Court noted that the issue on appeal was whether the Commission had authority to consider criminal information from applicants other than those convictions contained in the PSP background check. The Court also noted that on appeal plaintiff raised multiple constitutional challenges to the Commission decision. Commonwealth Court Memorandum, at 9 n. 9.  Claim preclusion bars all issues that were or could have been litigated in the first proceeding against the Commission and its officials and employees in their official capacities even if plaintiff did not assert the claim in that action.

Similarly, issue preclusion precludes plaintiff from re-litigating the decision of the Dauphin CCP dismissing plaintiff's claims insofar as they relate to the Commission and its officials and employees.  Issue preclusion applies where

> (1) The factual or legal issue decided in a prior action is identical to one presented in a later action;
>
> (2) The prior action resulted in a final judgment on the merits;
>
> (3) The party against whom collateral estoppel is asserted was a party or in privity with a party to the prior action; and
>
> (4) The party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

---

[6] Pennsylvania's Administrative Law and Procedure's statute specifically provides that "After hearing, the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter A of Chapter 5 (relating to practice and procedure of Commonwealth agencies) have been violated in the proceedings before the agency, or that any finding of fact is not supported by substantial evidence." 2 Pa.C.S. A. § 704.

Office of Disciplinary Counsel, 889 A.2d at 50-51; Rue v. K-Mart Corp., 713 A.2d 82, 84 (Pa. 1998); Shaffer v. Smith, 673 A. 2d 872, 874 (Pa. 1996).

All four elements are met here. Plaintiff, who filed the civil action in Dauphin CCP, was obviously a party to the proceeding, which resulted in a final judgment on the merits. The factual or legal issues decided in the Dauphin CCP action are identical those presented here. While the specific legal claims may be framed differently--claims for intentional tort in Dauphin CCP and claims for civil rights violations here--both cases arise out of the exact same factual context, e.g., whether the Commission's denial of plaintiff's application for a real estate sales license was illegal, invalid, biased and arbitrary and capricious. The Dauphin CCP proceedings afforded plaintiff an adequate opportunity to litigate the issues. As codified in the Pennsylvania Rules of Civil Procedure, state courts are courts of general jurisdiction which allow full discovery, depositions, issuance of subpoenas, and the fully panoply of process permitted in the federal courts.

## III. CONCLUSION

For these reasons, Commonwealth defendants request that the Court dismiss plaintiff's Complaint with prejudice.

                                         LINDA L. KELLY
                                          Attorney General

                            BY:   /s/ Barry N. Kramer
                                   BARRY N. KRAMER
                                   Chief Deputy Attorney General

Office of Attorney General
21 South 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-1581
Fax:     (215) 560-1031

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN SHINE, | : | CIVIL ACTION |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 11-6959 |
| BASIL MERENDA, et al., | : | |
| | : | |
|     Defendants. | : | |

## CERTIFICATE OF SERVICE

    I, Barry Kramer, hereby certify that on April 4, 2012, Commonwealth defendants' Motion to Dismiss was filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System and is available for viewing by ECF filers:

Jane Shields, Esquire
MacElree Harvey, Ltd.
17 West Miner Street
P.O. Box 660
West Chester, PA 19381-0660

    I further certify that a true and correct copy of same was mailed on April 4, 2012, by U.S. first class mail, postage prepaid to:

Bryan Shine
9 Lake Drive
Spring city, PA 19475-2722

                                                                  /s/Barry Kramer
                                                                  Barry Kramer